STATE OF WEST VIRGINIA
SUPREME COURT OF APPEALS

*In re*: **K.B. and K.H.**

**No. 16-0615** (Kanawha County 15-JA-58 & 15-JA-59)

**FILED**

**November 21, 2016**

RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**MEMORANDUM DECISION**

Petitioner Mother K.W., by counsel Tim Carrico, appeals the Circuit Court of Kanawha County's May 24, 2016, order terminating her parental rights to three-year-old K.H. and one-year-old K.B.[1] The West Virginia Department of Health and Human Resources ("DHHR"), by counsel S.L. Evans, filed its response in support of the circuit court's order. The guardian ad litem ("guardian"), Catherine Bond Wallace, filed a response on behalf of the children supporting the circuit court's order. On appeal, petitioner argues that the circuit court erred in finding that she abused and neglected her children.[2]

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

In March of 2015, the DHHR filed an abuse and neglect petition alleging that petitioner was addicted to heroin and left three-day-old K.B. in the care of the maternal grandmother. The DHHR also alleged that petitioner and the grandmother engaged in domestic violence and petitioner failed to provide the children with necessary food, clothing, supervision, and housing. Subsequently, the circuit court held a preliminary hearing wherein a DHHR worker testified that the grandmother contacted the DHHR and advised them that petitioner left K.B. in her care and did not provide her with contact information. The grandmother also expressed concerns that

---

[1]Consistent with our long-standing practice in cases with sensitive facts, we use initials where necessary to protect the identities of those involved in this case. *See In re K.H.*, 235 W.Va. 254, 773 S.E.2d 20 (2015); *Melinda H. v. William R. II*, 230 W.Va. 731, 742 S.E.2d 419 (2013); *State v. Brandon B.*, 218 W.Va. 324, 624 S.E.2d 761 (2005); *State v. Edward Charles L.*, 183 W.Va. 641, 398 S.E.2d 123 (1990).

[2]We note that West Virginia Code §§ 49-1-1 through 49-11-10 were repealed and recodified during the 2015 Regular Session of the West Virginia Legislature. The new enactment became effective on May 20, 2015. In this memorandum decision, we apply the statutes as they existed during the pendency of the proceedings below. It is important to note, however, that the abuse and neglect statutes underwent only minor stylistic revisions and the applicable changes have no impact on the Court's decision herein.

1

petitioner was abusing drugs. The worker testified that the grandmother was very ill and appeared to be under the influence of drugs or alcohol, and the worker was concerned that she could not properly care for the child. The worker also testified that the child was ill when petitioner left her in the grandmother's care. According to the worker, she contacted the local police department and attempted to make contact with petitioner but the worker was not able to reach her. At the close of the hearing, the circuit court found that petitioner left her child in that care of "a person who was incapable of caring for the child" and ordered that K.B. remain in the DHHR's custody and K.H. remain in her biological father's custody. [3]

In August of 2015, the circuit court held an adjudicatory hearing wherein petitioner testified that she left K.B. in the grandmother's care for an indeterminate length of time and checked herself into a drug rehabilitation facility in the State of Florida. She also testified that she attended Alcoholics Anonymous ("AA") to deal with her drug addiction and denied that she was abusing drugs at the time the petition was filed. She denied the allegations that she and the grandmother engaged in domestic violence and that the grandmother was intoxicated when she left K.B. in her care. However, petitioner admitted that she was addicted to heroin and participated in drug abuse treatment programs approximately five times. She also admitted that K.B. was born drug-addicted as a result of her drug abuse. Based on the evidence presented at the adjudicatory hearing, the circuit court found that petitioner's substance abuse "negatively affect[ed] her parenting abilities and cause[d] her to neglect her children." The circuit court ordered that petitioner submit to random drug screening.

In October of 2015, the circuit court held a dispositional hearing wherein a DHHR worker recommended termination of petitioner's parental rights because she refused to acknowledge her parenting issues, did not exercise her visitation with the children, and did not submit to random drug screening. The worker also testified that petitioner did not maintain contact with the DHHR and did not participate in services "until just two weeks before the disposition hearing." According to the worker, petitioner had not visited K.H. in over a year. Petitioner testified that she was "clean" but the circuit court heard evidence that petitioner tested positive in April of 2015 and August of 2015 for codeine, morphine, marijuana metabolite, amphetamine, and methamphetamine two random drug screens. Following the presentation of the DHHR's evidence, petitioner moved the circuit court for a post-adjudicatory improvement period and post-termination visitation. The circuit court denied both motions. The circuit court found that petitioner failed to take responsibility for her actions and failed to correct the circumstances that led to the filing of the petition. The circuit court concluded that there was no reasonable likelihood that the conditions of abuse and neglect could be corrected in the near future and that it was in the children's best interests to terminate her parental rights. Based on the evidence presented, the circuit court terminated petitioner's parental rights to the children by order dated May 24, 2016. It is from this order that petitioner appeals.

This Court has previously established the following standard of review:

---

[3]At the time the petition was filed, petitioner and K.H.'s biological father shared custody of K.H. K.H. was in her biological father's custody at the time of removal and, because the DHHR did not allege that he abused or neglected the child, she remained in his custody throughout the proceedings.

2

"Although conclusions of law reached by a circuit court are subject to *de novo* review, when an action, such as an abuse and neglect case, is tried upon the facts without a jury, the circuit court shall make a determination based upon the evidence and shall make findings of fact and conclusions of law as to whether such child is abused or neglected. These findings shall not be set aside by a reviewing court unless clearly erroneous. A finding is clearly erroneous when, although there is evidence to support the finding, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed. However, a reviewing court may not overturn a finding simply because it would have decided the case differently, and it must affirm a finding if the circuit court's account of the evidence is plausible in light of the record viewed in its entirety." Syl. Pt. 1, *In Interest of Tiffany Marie S.*, 196 W.Va. 223, 470 S.E.2d 177 (1996).

Syl. Pt. 1, *In re Cecil T.*, 228 W.Va. 89, 717 S.E.2d 873 (2011). On appeal, petitioner argues that the circuit court erred in determining that she abused and neglected her children by clear and convincing evidence. Specifically, petitioner asserts that the circuit court erred when it adjudicated her as an abusing parent because the evidence in this case was "woefully inadequate" to support a finding by clear and convincing evidence.

An abused child is one whose "health or welfare is harmed or threatened by [a] parent, guardian or custodian who knowingly or intentionally inflicts, attempts to inflict or knowingly allows another person to inflict, physical injury or mental or emotional injury, upon the child or another child in the home." W.Va. Code § 49-1-201(A) (2015). Similarly, a neglected child one whose

physical or mental health is harmed or threatened by a present refusal, failure or inability of the child's parent, guardian or custodian to supply the child with necessary food, clothing, shelter, supervision, medical care or education, when that refusal, failure or inability is not due primarily to a lack of financial means on the part of the parent . . . .

*Id*. An "[a]busing parent means a parent . . . whose conduct has been adjudicated by the court to constitute child abuse or neglect as alleged in the petition charging child abuse or neglect." *Id*. We have also explained that

"W.Va.Code, 49-6-2(c) [now West Virginia Code § 49-4-601], requires the [DHHR], in a child abuse or neglect case, to prove 'conditions existing at the time of the filing of the petition . . . by clear and convincing [evidence].' The statute, however, does not specify any particular manner or mode of testimony or evidence by which the [DHHR] is obligated to meet this burden." Syllabus Point 1, *In Interest of S.C.*, 168 W.Va. 366, 284 S.E.2d 867 (1981).

Syl. Pt. 1, *In re Joseph A.*, 199 W.Va. 438, 485 S.E.2d 176 (1997) (internal citations omitted).

Upon our review, we find that the record demonstrates that the circuit court was presented with ample evidence of petitioner's abuse and neglect. Petitioner admitted that she was addicted to heroin and that K.B. was born drug-addicted. The circuit court was presented with evidence that petitioner left the child with a relative who was unable to care for the child's needs, petitioner's whereabouts were unknown, and she could not be contacted. The circuit court was also presented with testimony that petitioner did not involve herself in the child's care once she was located and did not keep in contact with the DHHR. Based upon the record, the evidence of abuse and neglect is sufficient to support the circuit court's findings that petitioner was an abusing parent and that the children were abused and neglected.

Moreover, we have long held that

> [w]here there is clear and convincing evidence that a child has suffered physical and/or sexual abuse while in the custody of his or her parents . . . another child residing in the home when the abuse took place who is not a direct victim of the physical and/or sexual abuse but is at risk of being abused is an abused child.

*In re K.P.*, 235 W.Va. 221, 772 S.E.2d 914 (2015). Although K.H. was in her father's custody at the time of removal, there was ample evidence of petitioner's abuse and neglect and, as such, K.H. was at risk of being abused and neglected. Based upon the record, the evidence of abuse and neglect is sufficient to support the circuit court's findings that petitioner was an abusing parent and that the children were abused and neglected.

Although petitioner denied abusing heroin at the time of the petition's filing, the circuit court was not required to accept her testimony as true. We have previously held that "[a] reviewing court cannot assess witness credibility through a record. The trier of fact is uniquely situated to make such determinations and this Court is not in a position to, and will not, second guess such determinations." *Michael D.C. v. Wanda L.C.*, 201 W.Va. 381, 388, 497 S.E.2d 531, 538 (1997). Petitioner presented no evidence disputing the drug abuse allegations, other than her testimony that she was not abusing drugs and that she was attending AA meetings. Thus, based on the evidence presented, the circuit court found that petitioner suffered from substance abuse that affected her ability to parent. As such, we note that the circuit court was in the best position to weigh witness credibility, and we find no error in the findings of abuse and neglect to the children at issue.

For the foregoing reasons, the circuit court's May 24, 2016, termination order is hereby affirmed.

Affirmed.

**ISSUED**: November 21, 2016

**CONCURRED IN BY**:

Chief Justice Menis E. Ketchum
Justice Robin Jean Davis
Justice Brent D. Benjamin
Justice Margaret L. Workman
Justice Allen H. Loughry II

4